[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The complaint in this action alleges that the plaintiff was a social guest at the residential premises of the defendants in Burlington, Connecticut, when she suffered serious and disabling injuries after striking her head using an above-ground swimming pool located on the premises. The defendants have filed a special defense alleging that they were immune from civil liability pursuant to Connecticut General Statutes 52-557g, commonly known as the Recreational Use Statute. The plaintiff has moved to strike that special defense on the ground that 52-557g does not apply in this case. That statute provides as follows:
 (a) Except as provided in section 52-557h, an owner of Land who makes all or any part of the land available to the public without charge, rent, fee or other CT Page 10547 commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
 (b) Except as provided in section 52-557h, an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby: (1) Make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses the land for recreational purposes the legal status of an invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner.
"A review of the legislative history, reveals that the clear purpose of 52-557g is an attempt to satisfy the public's need for recreational and open space by encouraging private land owners, through limiting their liability, to open their land to public use. The government alone cannot meet this need. `[W]e have long depended and will continue to depend upon the generosity of private owners of land and water to open their property to the use and enjoyment of their fellow citizens. . . . So this act here is to allow limited liability . . . of Connecticut property owners to open their land for public use without charge.' 13 H.R. Proc., Pt. 4, 1971 Sess., p. 1805 (remarks of Rep. David Lavine)." Genco v. Conn. Light Power Co., 7 Conn. App. 164, 508 A.2d 58 (1986).
From the language of the Court in Genco and the legislative history of the statute cited in that case it appears that the clear purpose of 52-557g was to provide immunity to those who performed the beneficial public service of opening their property to the public for recreational uses. That purpose is clearly expressed in52-557g(a). Unfortunately, 52-557g(b) makes no explicit reference to the public use of the property.
The construction of 52-557g urged by the defendants would abrogate much of the common law applicable to social invitees. It does not appear from the foregoing legislative history that the legislature intended 52-557g to have such an effect. Therefore, CT Page 10548 this court agrees with the decision in Spence v. Starztk,7 Conn. L. Rptr. No. 4, 116 (August 17, 1992, Wagner, J.) wherein the court interpreted 52-557g(b) as applying to land used exclusively for recreational purposes and not to residential property whose recreational use is incident to its primary use as a residence. The primary use of the property in this case is residential. The statute is not applicable in this case and the motion to strike the special defense is granted.
By the Court
Aurigemma, J.